# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES XAVIER MARSHALL, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:25-00011-KD-N |
| | ) |
| MOBILE COUNTY DISTRICT | ) |
| COURT, et al., | ) |
|     Defendants. | ) |

## ORDER

This action is before the Court on review of a habeas petition under 28 U.S.C. § 2241 filed by Charles Xavier Marshall (Doc. 6).[1] Marshall, proceeding *pro se*, is currently being held in Mobile County Metro Jail on pretrial detention.[2] Marshall challenges his present confinement resulting from his pending criminal charges in Mobile County. Under S.D. Ala. Gen LR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record and to prepare a report and recommendation to the District Judge as to the appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United

---

[1] The assigned District Judge has referred this petition to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (01/29/2025 elec. ref.).

[2] "Pre-trial habeas petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered." *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam). Accord *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241.").

States District Courts ("§ 2254 Rules").[3]

Upon filing his petition,[4] Marshall did not include the requisite $5 filing fee for this action, nor did he file a motion for leave to proceed without prepayment of fees or *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.").

Accordingly, Marshall is **ORDERED** to, by no later than **March 31, 2025**, to either: (1) pay the $5 statutory filing fee for this habeas action, ***or*** (2) complete and file an IFP motion, using this Court's form, that provides any and all necessary information to establish his entitlement to proceed IFP in this action. The form *in forma pauperis* motion must be fully completed, and must include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[3] *See* Rule 1(b) of the § 2254 Rules ("The district court may apply any or all of these rules to a habeas petition not [filed under 28 U.S.C. § 2254]."); S.D. Ala. CivLR 9(b) ("The Court may apply any of the [§ 2254 Rules] to applications for release from custody under 28 U.S.C. § 2241.").

[4] Marshall initiated this action by filing a handwritten "Formal Complaint to Courts," which was docketed by this Court on January 8, 2025. (Doc. 1). Upon review, Marshall's complaint was construed as a habeas petition under § 2241. He was ordered to refile using this Court's current form, and to submit a $5 filing fee or motion to proceed *in forma pauperis*, by February 10, 2025. The operative petition was timely submitted, but no fees have been paid nor has an IFP motion been received.

The Clerk is **DIRECTED** to send Marshall, at the address on file: (1) a copy of this Order and (2) two copies of this Court's form IFP motion.

Failure to comply with this directive – or to sufficiently show entitlement to IFP status – will result in entry of a recommendation that he be denied leave to proceed IFP in this action and that his § 2241 petition be dismissed without prejudice *sua sponte* unless the filing fee is paid within the time period for objections to the recommendation. *See Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) (denial of IFP motion is "the functional equivalent of an involuntary dismissal"); *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial.").

NOTICE TO *PRO SE* PLAINTIFF/PETITIONER

In light of his *pro se* status, Marshall is advised that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders"); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of

procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be <u>signed by him personally</u> and provide his "address, e-mail address, and telephone number."[5] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Finally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

**DONE** and **ORDERED** this the 26th Day of February 2025.

<u>/s/ Katherine P. Nelson</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).