IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES XAVIER MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV. ACTION NO. 25-0011-KD-N ) |
| MOBILE CNTY. DIST. COURT, *et al.*, | ) ) |
| Defendants. | ) |

**ORDER**

Currently pending in this Court is Petitioner Charles Xavier Marshall's habeas petition brought pursuant to 28 U.S.C. § 2241.[1] (Doc. 6). In this case, Petitioner Marshall recently filed a Motion to Amend Complaint. (*See* Doc. 9). For the reasons explained below, this motion is **DENIED** as impermissible in a habeas action.

Marshall's habeas petition challenges his present confinement in the Mobile County Jail resulting from his pending criminal charges in Mobile County, Alabama. (Doc. 6). Marshall's Motion to Amend, however, raises various issues related to his confinement. Specifically, Marshall claims he is being denied meals that comply with the dietary restrictions of religion; that he is denied medical and dental care; that his allergies are ignored; and he claims he is being unfairly treated and taken advantage of due to his brain injury and Alzheimer's disease. Plaintiff seeks monetary and injunctive relief. Read broadly, Marshall appears to allege potential claims related to his First, Eighth, and Fourteenth Amendment constitutional rights. Based on the

---

[1] Related to this petition, Marshall has also filed a Motion to Appoint Counsel (Doc. 4), Motion to Proceed *In Forma Pauperis* (Doc. 9), a Request for Information and Documents (Doc. 10), and a First Set of Interrogatories (Doc. 11), which are pending review.

1

allegations asserted and the relief requested, Marshall's claims should be brought in a civil action, pursuant to 42 U.S.C. § 1983, not a habeas petition.

An action under § 1983 "requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see* 42 U.S.C. § 1983. A plaintiff must show a causal connection between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights in order to state a § 1983 claim. *Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). In a § 1983 action, damages are available, in addition to injunctive and declaratory relief, which must be clearly described in detail. Generally, complaints about an inmate's conditions of confinement, such as Marshall's allegations about the meals, medical care, and treatment he is receiving, are addressed in a § 1983 action. *See Cook v. Baker*, 139 F. App'x 167, 168 (11th Cir. 2005) (per curiam) ("[A] civil rights action under § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration."). Thus, to the extent Marshall seeks to challenge the conditions of his confinement but does not challenge the legality of his custody or seek his release from custody, his claims are properly raised under § 1983.

For a § 1983 action, the Court requires a filing fee of $405 (comprised of a $350 filing fee and a $55 administrative fee) or a motion to proceed without prepayment of fees that is on this Court's required form. If the Court grants the motion to proceed without prepayment of fees, a prisoner plaintiff may be required to pay an initial partial filing fee, but he will be required to

pay the entire $350 filing fee[2] over time through deductions from his inmate account. See 28 U.S.C. §§ 1914(a), 1915(a)-(b).

Accordingly, the Clerk is **DIRECTED** to forward to Marshall the current forms for a § 1983 action and a motion to proceed without prepayment of fees. If Marshall chooses to file a § 1983 complaint, it will be filed as a new civil action – it will not be part of his current habeas petition (Civ. Action No. 25-0011-KD-N).

**DONE** and **ORDERED** this **6th** day of **May**, **2025.**

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**

---

[2]   A prisoner who is granted *in forma pauperis* status will not be responsible for the $55 administrative fee. *See, e.g., Morgan v. Actosta*, No. 20-23075-CV-ALTONGA2020 WL 13548621, at *1 (S.D. Fla. July 27, 2020).